## BROACH v. KING et al.

EVANS, P. J.  A partnership composed of T., R., and others assigned their joint and several assets for the benefit of creditors, and included in the schedule of partnership liabilities a note of T., indorsed by R., and also by B. and K., which was an individual debt of T.  The assignee converted the assets into cash, and from time to time paid out dividends to the partnership creditors; and when the cash was exhausted, a firm of which R. was a member furnished to the assignee at R's request additional money with which to discharge the debts scheduled in . the deed of assignment, which included the individual note of T., and which was paid out of the funds so furnished.  In a suit by R. against B. and K. to recover of them two thirds of the amount due on the note of T. which was paid by the assignee, on the ground that under the facts above stated he was entitled to contribution from them as joint accommodation indorsers or sureties, *held*, that the plaintiff is not entitled to recover.

*Judgment affirmed.  All the Justices concur.*

Submitted July 13, 1909.—Decided January 11, 1910.

Complaint.  Before Judge Worley.  Oglethorpe superior court. October 18, 1908.

*Samuel H. Sibley* and *Hamilton McWhorter, Jr.,* for plaintiff.
*Paul Brown,* for defendants.

---

## GWINNETT COUNTY v. EXUM.

BECK, J.  No errors of law are complained of; and there being sufficient evidence to authorize the verdict, the judgment of the court below refusing a new trial will not be disturbed.

*Judgment affirmed.  All the Justices concur.*

Argued June 24, 1909.—Decided January 11, 1910.

Action for damages.  Before Judge Brand.  Gwinnett superior court.  December 16, 1908.

*J. A. Perry,* for plaintiff in error.  *N. L. Hutchins,* contra.